**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1668
_____

UNITED STATES OF AMERICA

v.

JEREMY T. BRASHEAR,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 4-11-cr-00062-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1(a)
on November 14, 2019

(Opinion filed: December 13, 2019)

Before: JORDAN, SCIRICA and RENDELL, Circuit Judges

————

O P I N I O N*

————

**RENDELL**, *Circuit Judge*:

Defendant Jeremy Brashear was sentenced by the District Court to six months in prison after violating the terms of his supervised release. Brashear appealed the District Court's judgment. Brashear's court-appointed attorney has submitted an *Anders* brief and a motion for leave to withdraw. After reviewing the brief, we will affirm the judgment of the District Court and grant the motion for leave to withdraw.

## I.     Background

In April 2014, the District Court sentenced Brashear to 97 months in prison followed by 10 years of supervised release. Following Brashear's release, the United States Probation Office petitioned the District Court for a warrant to arrest Brashear for supervised release violations. Brashear was charged with violating conditions of his release when he was discharged from the residential re-entry facility where he lived for threatening staff and when he failed to participate honestly in his sex offender treatment program.

The District Court held a revocation hearing on March 11, 2019. At the hearing, Brashear confirmed he had received written notice of the charges. He also claimed he understood the nature of the charges and his right to a full hearing. He admitted to the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

violation of supervised release related to his discharge from the re-entry facility. After a dispute about the other alleged violation, the Court, with the agreement of both counsel, proceeded only on the admitted charge related to the re-entry facility.

The District Court noted that Brashear had knowingly and voluntarily admitted to that violation and had waived a full hearing. The Court allowed argument as to the sentence and gave Brashear the opportunity to make a statement. All parties agreed that the appropriate Guidelines range was three to nine months. After considering the 18 U.S.C. § 3553(a) factors, the District Court commented that Brashear had continually been difficult in terms of supervision and that, after agreeing to follow the rules of the residential reentry program, he promptly made threatening comments to staff. "Given the characteristics of this defendant under supervised release," the Court found a sentence of six months in prison appropriate. App. 30. The Court also continued the ten-year term of supervised release, to begin upon his release. Brashear did not object.

## II.    Discussion

"[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. 738, 744 (1967). Our precedent requires that counsel fulfill the requirements of Local Appellate Rule 109.2(a) before an *Anders* motion is granted. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). We must ask: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

3

Here, defense counsel's brief certainly satisfies the requirements of Local Appellate Rule 109.2(a).[1] To comply with Rule 109.2(a), counsel must "thoroughly examine[] the record in search of appealable issues" and "explain why the issues are frivolous." *Id.* (citing *Marvin*, 211 F.3d at 780). The brief must reflect "conscientious examination" of the record, but "[c]ounsel need not raise and reject every possible claim." *Id.* (quotation marks and citation omitted). Here, counsel's brief identifies several conceivable claims, analyzing and dismissing each as frivolous under the present facts. First, the brief explains that the District Court had jurisdiction over the underlying matter and the authority to revoke Brashear's supervised release, and no violations of due process occurred. Next, it addresses Brashear's admission of guilt, pointing to the evidence of its voluntariness. Finally, the brief articulates why the sentence imposed was proper. Throughout the brief, counsel explains why the issues are frivolous on appeal, citing to relevant legal authority. Accordingly, we conclude that "the *Anders* brief initially appears adequate on its face." *Youla*, 241 F.3d at 301.

Because the brief appears adequate, we turn to the second inquiry and conduct an "independent review of the record." *Id.* at 300. In this inquiry, we are "guided in reviewing the record by the *Anders* brief itself." *Id.* at 301 (internal quotation marks and citation omitted). Like Brashear's counsel, we find no non-frivolous issues in the record.

Brashear has no basis to argue that the District Court lacked jurisdiction to find a violation of supervised release. The District Court had subject matter jurisdiction over

---

[1] We note that Brashear elected not to file a *pro se* submission.

the underlying substantive offense under 18 U.S.C. § 3231, and accordingly was authorized to revoke the sentence of supervised release under 18 U.S.C. § 3583(e). At the revocation hearing, Brashear did not raise any objections to the Court's jurisdiction or authority to revoke supervised release, nor did he have any basis to do so.

Additionally, the Court provided Brashear with all the procedural protections required for a revocation of supervised release. At a revocation hearing, a person is entitled to: (1) "written notice of the alleged violation"; (2) "disclosure of the evidence against the person"; (3) "an opportunity to appear, present evidence, and question any adverse witness"; (4) notice of the right to counsel; and (5) "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). At Brashear's supervised release revocation hearing, he indicated that he had received notice of the charges against him, understood the nature of the charges, and recognized that he was entitled to a full revocation hearing. When the Court, with the agreement of both counsel, decided to proceed only as to the charge concerning his discharge from the re-entry facility, Brashear admitted to that violation and waived his right to the full revocation hearing. He was represented by counsel throughout the hearing and had the opportunity to make a statement. Brashear raised no procedural objection at the time, and we see no procedural defect in the record.

The record also reflects no basis to question the validity of Brashear's admission of guilt. When a defendant challenges a sentence based on a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989); *United States v. Peppers*, 899 F.3d

5

211, 225 (3d Cir. 2018). Here, Brashear was represented by counsel, indicated he understood the proceedings, and freely admitted to the violation before the District Court. Any challenge to the voluntariness of his guilty plea would be meritless.

Finally, Brashear has no basis to argue that his sentence of six months' imprisonment and ten years of supervised release was unreasonable. In reviewing a sentence's reasonableness, we must ensure that the record "reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). We affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence" under the same circumstances. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Here, all parties agreed that the applicable Guidelines sentencing range was three to nine months. Before imposing a sentence in the middle of the Guidelines range, the District Court explicitly referred to the § 3553(a) factors and discussed Brashear's history of challenges while on supervised release as well as the severity of the violation. Notably, Brashear did not object to the sentence at the hearing.

### III. Conclusion

For foregoing reasons, we conclude that counsel has provided an adequate *Anders* brief, and our independent review of the record reveals no non-frivolous issues for appeal.